Matthew E. Lewitz, CASB 325379
mlewitz@cozen.com
COZEN O'CONNOR
401 Wilshire Boulevard, Suite 850
Santa Monica, CA  90401
Telephone: 310.393-4000
Facsimile: 213.394.4700

Attorneys for Plaintiff
HARLEY FRANK

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY FRANK, | Case No.: 2:21-cv-09916-AB-PD |
| Plaintiff, | **PLAINTIFF HARLEY FRANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'s MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| LIFE ASSETS TRUST S.A.; PORTIGON A.G., NEW YORK BRANCH f/k/a WESTLB AG, NEW YORK BRANCH; VIDA CAPITAL, INC.; LIFE PARTNERS HOLDINGS, INC.; WELLS FARGO BANK, N.A., and DOES 1-10, inclusive, | **[Filed Concurrently with Plaintiff's Request for Judicial Notice and [Proposed] Order]** |
| Defendants. | **Hearing Date:  March 11, 2022** |
| | **Hearing Time:  10:00 a.m.** |
| | **Courtroom:      7B** |
| | **Judge: Honorable André Birotte, Jr.** |
| | **Action Filed: December 23, 2021** |
| | **FAC Filed: January 24, 2022** |

COZEN O'CONNOR
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401

1

# **TABLE OF CONTENTS**

2
**Page**

3  I.    INTRODUCTION ............................................................................... 7

4  II.   FACTUAL BACKGROUND ............................................................. 9

5  III.  APPLICABLE LEGAL STANDARD ............................................. 12

6  IV.   ARGUMENT .................................................................................... 13

7        A.    Wells Fargo's Argument That Plaintiff Lacks Standing Should Be

8              Rejected ................................................................................... 13

9              1.    Plaintiff Has Standing To Maintain A Section 2704(b) Claim

10                   Because He Is Norman Frank's Executor ..................................... 13

11             2.    In The Event The Court Determines That Plaintiff Lacks

12                   Standing, The Court Should Not Dismiss Plaintiff's 2704(b)

13                   Claim With Prejudice But, Instead, Should Invoke FRCP 15(c)

14                   and 17(a)(3) To Permit Curative Amendment ............................... 14

15       B.    Plaintiff Has Stated A Section 2704(b) Claim Against Wells Fargo, In

16             Its Capacity As Securities Intermediary, Because The FAC Plausibly

17             Alleges That Wells Fargo Received The Death Benefits At Issue ......... 18

18  V.    CONCLUSION ................................................................................ 23

19

20

21

22

23

24

25

26

27

28

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agena v. Cleaver-Brooks, Inc.*,
  No. 19-CV-00089-DKW-RT, 2019 WL 11248590 (D. Hawaii Oct. 31, 2019) ........................................................................................ 16

*Agency Y LLC v. DFO Glob. Performance Com. Ltd.*,
  No. SACV201716JVSKESX, 2021 WL 4350056 (C.D. Cal. Aug. 4, 2021) ...................................................................................... 23

*In re American Apparel, Inc. Shareholder Derivative Litigation*,
  No. CV 10-06576 MMM RCX, 2012 WL 9506072 (C.D. Cal. July 31, 2012) ...................................................................................... 23

*In re Apple iPhone Antitrust Litig.*,
  846 F.3d 313 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 203 L. Ed. 2d 802 (2019) ..................................................................... 19

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................... 13, 20

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................... 13, 20

*Clark v. Brooks*,
  377 A.2d 365 (Del. Super. Ct. 1977), *aff'd sub nom Blackshear v. Clark*, 391 A.2d 747 (Del. 1979) ......................................................... 22

*Continental Ins. Co. v. N.A.D., Inc.*,
  16 F. App'x 659 (9th Cir. 2001) ....................................................... 17

*De Franco v. U.S.*,
  18 F.R.D. 156 (S.D. Cal., 1955) ....................................................... 18

*Doe v. Bicking*,
  No. CV S14C-05-026 CAK, 2020 WL 374677 (Del. Super. Ct. Jan. 22, 2020) ...................................................................................... 22

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ......................................................... 17

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

3

*Erickson v. Pardus*,
    551 U.S. 89 (2007)................................................................................13

*First St. Staffing Plus v. Mont. Mut. Ins. Co.*,
    No. CIV.A. 2100-S, 2005 WL 2173993 (Del. Ch. Sep. 6, 2005) ....................22

*Heller v. NBCUniversal, Inc.*,
    CV-15-09631-MWF-KS, 2016 WL 6573985 (C.D. Cal. Mar. 30,
    2016) ............................................................................................23

*Jones v. Las Vegas Metropolitan Police Department*,
    873 F.3d 1123 (9th Cir. 2017) ...............................................................16

*Klinger v. Corrections Corp. of America, Inc.*,
    No. 4:11CV2299, 2012 WL 6200393 (N.D. Ohio Oct. 23, 2012)....................18

*Krajewski v. Blair*,
    297 A.2d 70 (Del. Ch. 1972) .................................................................16

*Kuhn Const. Co. v. Ocean and Coastal Consults.*,
    723 F. Supp. 2d 676 (D. Del. 2010) .......................................................22

*Lacey v. Maricopa County*,
    693 F.3d 896 (9th Cir. 2012) .........................................................20, 21

*Lavastone Cap. LLC v. Est. of Berland*,
    No. 75, 2021, 2021 WL 5316071 (Del. Nov. 16, 2021)..........................9, 11, 14

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) .................................................................13

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) ...............................................................24

*Estate of Malkin v. Wells Fargo Bank, N.A.*,
    379 F. Supp. 3d 1263 (S.D. Fla. 2019).............................................*passim*

*Estate of Malkin v. Wells Fargo Bank, NA*,
    998 F.3d 1186 (11th. Cir. 2021) .............................................................21

*Metro Storage Int'l LLC v. Harron*,
    No. CV 2018-0937-JTL, 2019 WL 3282613 (Del. Ch. Jul. 19, 2019) .............22

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

4

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

*Mir v. Little Co. of Mary Hosp.*,
    844 F.2d 646 (9th Cir. 1988) ................................................................. 13

*Oceanport Industries, Inc. v. Wilmington Stevedores, Inc.*,
    636 A.2d 892 (Del. 1994) ...................................................................... 14

*Owen v. Paramount Productions*,
    41 F.Supp. 557 (S.D. Cal. 1941) ........................................................... 18

*Pacific Coast Federation of Fishermen's Associations v. Glaser*,
    945 F.3d 1076 (9th Cir. 2019) ................................................................ 22

*Raynor Bros. v. American Cyanimid Co.*,
    695 F.2d 382 (9th Cir. 1982) ........................................................... 17, 18

*Slagowski v. Central Washington Asphalt, Inc.*,
    No. 2:11-CV-00142-APG, 2014 WL 4887807 (D. Nev. Sept. 30,
    2014) ...................................................................................................... 16

*Soo Park v. Thompson*,
    851 F.3d 910 (9th Cir. 2017) ........................................................... 20, 21

*Stepanyan v. United States*,
    CV 20-1774-CBM-MAA(x), 2020 WL 8365242 (C.D. Cal. Dec. 14,
    2020) ...................................................................................................... 23

*Sun Life Assur. Co. of Canada v. U.S. Bank, N.A.*,
    369 F. Supp. 3d 601 (D. Del. 2019) ....................................................... 11

*Sun Life Assur. Co. of Canada v. U.S. Bank, N.A.*,
    No. 14CIV62610BLOOMVALLE, 2016 WL 161598 (S.D. Fla. Jan.
    14, 2016), *aff'd on this issue*, 693 F. App'x 838 (11th Cir. 2017) .......... 11

*Sun Life Assur. Co. of Canada v. Wells Fargo Bank, N.A.*,
    No. 17 C 06588, 2020 WL 1503641 (N.D. Ill. Mar. 30, 2020) ............... 11

*T.V. Spano Bldg. Corp v. Wilson*,
    584 A.2d 523 (Del. Super. Ct. 1990) ..................................................... 23

*U.S. Bank, N.A. v. Sun Life Assur. Co. of Canada*,
    No. CV144703SJFARL, 2016 WL 8116141 (E.D.N.Y. Aug. 30,
    2016) ...................................................................................................... 11

5

*U.S. for Use and Benefit of Wulff v. CMA, Inc.*,
  890 F.2d 1070 (9th Cir. 1989) ........................................................................16

*United States v. United Healthcare Insurance Company*,
  848 F.3d 1161 (9th Cir. 2016) ........................................................................20

*Usher v. City of Los Angeles*,
  828 F.2d 556 (9th Cir. 1987) ..........................................................................13

**Statutes**

18 *Del. C.* § 2704(b) ..........................................................................................*passim*

Cal. Prob. Code § 8400(b) ..................................................................................15

Cal. Prob. Code § 8420 .......................................................................................17

**Other Authorities**

Black's Law Dictionary .......................................................................................15

34 C.J.S. EXECUTORS AND ADMINISTRATORS § 215 (Feb. 2022) ............................15

*Corpus Juris Secundum* .......................................................................................15

Fed. R. Civ. P. 1 ..................................................................................................19

Fed. R. Civ. P. 8(a)(2) .........................................................................................13

Fed. R. Civ. P. 12(b)(6) ..................................................................................13, 24

Fed. R. Civ. P. 15 ...........................................................................................18, 19

Fed. R. Civ. P. 15(a)(2) .......................................................................................17

Fed. R. Civ. P. 15(c) ...........................................................................................*passim*

Fed. R. Civ. P. 17 ...........................................................................................16, 19

Fed. R. Civ. P. 17(a) .......................................................................................16, 17

Fed. R. Civ. P. 17(a)(3) .......................................................................................*passim*

Restatement (Second) Agency § 337 ....................................................................22

Restatement (Second) Agency § 343 ....................................................................22

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA  90401

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  **I.    <u>INTRODUCTION</u>**

2      Plaintiff Harley Frank ("Plaintiff"), by and through his undersigned counsel,

3  respectfully requests that this Court deny Defendant Wells Fargo Bank, N.A.'s

4  ("Wells Fargo") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"),

5  and submits this Memorandum of Law in opposition thereto.

6      This action arises out of the payment of a multi-million dollar death benefit under

7  a Delaware life insurance policy (the "Policy") insuring the life of Norman Frank ("Mr.

8  Frank"). While ostensibly supported by a legitimate insurable interest at inception, the

9  Policy was, instead, procured by unrelated investors as a wager on Mr. Frank's life

10  through a stranger-originated life insurance ("STOLI") scheme that operated through

11  Delaware statutory trusts to procure Delaware-issued life insurance policies on

12  numerous senior citizens throughout the country.  From the outset, the Policy was

13  controlled by and for the benefit of investors—not for Mr. Frank, his family, or anyone

14  else with an insurable interest in his life.  The investors retained Wells Fargo, in its

15  capacity as securities intermediary, as their agent to help them service and maintain the

16  Policy over the years and to monitor Mr. Frank's health so that they could calculate

17  when he might die. As alleged in the FAC, after Mr. Frank passed away in December

18  2018, Wells Fargo, as securities intermediary, submitted a claim for the Policy's death

19  benefit proceeds and then received those funds and distributed them on to its investors.

20  When a STOLI policy, like the Policy, is originated in violation of Delaware's insurance

21  code, and the death benefit proceeds of such a policy are paid to investors, Delaware

22  law provides that the insured's executor or administrator is entitled to recover those

23  proceeds from the investors. 18 *Del. C.* § 2704(b) ("If the beneficiary, assignee, or other

24  payee under any contract made in violation of this section receives from the insurer any

25  benefits thereunder accruing upon the death … of the individual insured, the individual

26  insured *or his or her executor or administrator*, as the case may be, may maintain an

27  action to recover such benefits from the person so receiving them.") (emphasis added);

28

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

7

*see also Lavastone Cap. LLC v. Est. of Berland*, No. 75, 2021, 2021 WL 5316071, at *8 (Del. Nov. 16, 2021) ("*Berland*") ("[T]he [Delaware] General Assembly has prescribed that the estate should receive the proceeds of the policy as a matter of public policy.").

In its Motion, Wells Fargo's primary contention is that Plaintiff is not his father's executor and that, consequently, Plaintiff lacks standing to bring a claim for recovery of the Policy's death benefit proceeds under 18 *Del. C.* § 2704(b). However, at all relevant times, including upon commencement of this action, Plaintiff was Mr. Frank's executor under a testamentary instrument, namely Mr. Frank's will. The well-plead allegations of the FAC, as are corroborated by documents recently filed in Mr. Frank's probate action of which the Court may take judicial notice, confirm this reality. Accordingly, Wells Fargo's argument fails. Even assuming, *arguendo*, that Plaintiff has not formally assumed the status of Mr. Frank's executor given the pendency of those probate proceedings, dismissal with prejudice is not appropriate here. Indeed, Rule 17(a)(3) and Rule 15(c) of the Federal Rules of Civil Procedure ("FRCP") would supply any necessary remedy to cure any purported standing defect. Those rules, taken together, provide that in circumstances like these, a plaintiff can add an estate as a named party and that the action will proceed thereafter as if the estate had been a plaintiff from the start. As alleged in the FAC, Plaintiff has recently filed a probate petition to open Mr. Frank's estate, and expects that he will soon be in a position to add Mr. Frank's estate as a plaintiff herein.

Wells Fargo also argues that, because it was acting as a securities intermediary in connection with the life insurance policy at issue, it should enjoy complete immunity from liability under 18 *Del. C.* § 2704(b). That argument also fails. The FAC alleges that Wells Fargo, as a securities intermediary, held the Policy. As securities intermediary, Wells Fargo was the Policy's record owner and, as such, was paid and received the Policy's death benefit. A few years ago, Wells Fargo tried to convince

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

another federal district court that its role as a securities intermediary somehow immunized it from liability under Section 2704(b). *See Estate of Malkin v. Wells Fargo Bank, N.A.*, 379 F. Supp. 3d 1263, 1279 (S.D. Fla. 2019) ("*Malkin II*"). That court correctly rejected the argument, and this Court should do the same. For the foregoing reasons, to the extent Wells Fargo's Motion seeks dismissal of Plaintiff's Section 2704(b) claim, the Motion should be denied and Plaintiffs' Section 2704(b) claim should proceed.[1]

## II.    FACTUAL BACKGROUND

In 2005, a family of interrelated Delaware entities commonly known as Coventry ("Coventry") used Mr. Frank as an instrumentality to enable it make an unlawful wager on his life. (FAC ¶¶ 20-31.) Coventry established the Norman Frank Life Insurance Trust dated August 18, 2005 (the "Trust") and arranged for a short-term, non-recourse premium finance "loan" to be made to the Trust (through a sub-trust of the Trust that Coventry established). (*Id*. ¶¶ 25-31.) The "loan" was secured only by an interest in the Trust (i.e., the Policy). (*Id.*) The purpose of this so-called loan was to procure the Policy for the benefit of investors unrelated to Mr. Frank. (*Id*.) Coventry then caused an application to be submitted to the insurance carrier, as a result of which the Policy was issued to the Trust as a Delaware policy insuring Mr. Frank's life and was delivered to the Trust's trustee in Delaware. (*Id*. ¶¶ 23-24, 27.)

Although the transaction—which was purposefully designed to trigger the application of Delaware law—gave the appearance of being supported by an insurable interest, this was a disguise. In fact, stranger investors were at all times directing and controlling the transaction to carry out what they had planned from the outset: to manufacture the Policy not for the benefit of Mr. Frank, but rather for the benefit of investors. (*Id*. ¶¶ 20-32.) When the "loan" became due, the Policy was transferred to investors in satisfaction of the bogus "loan." (*Id.* ¶¶ 30-32.) As a result, the Policy

---

[1] Plaintiff does not object to the dismissal of his unjust enrichment claim against Wells Fargo only.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

1   lacked an insurable interest at its inception.[2]

2       Subsequently, the Policy was traded on the investor market, and Wells Fargo

3   became the record owner as securities intermediary, a role it held through Mr. Frank's

4   death.  (FAC ¶¶ 33-37.) Upon information and belief, when Mr. Frank passed away in

5   December 2018, Wells Fargo and the other Defendants worked together to obtain Mr.

6   Frank's California death certificate and then assisted in submitting that death certificate

7   to the issuing carrier to claim the Policy's multi-million dollar death benefit.  (*Id.* ¶¶ 21,

8   36-39.)  On information and belief, the carrier subsequently paid the Policy's multi-

9   million dollar death benefit to Wells Fargo and the other Defendants, who were all

10  acting in concert.  (*Id.*)

11      Under the law of Delaware (and the majority of states), if and when an insurance

12  carrier pays a STOLI policy's death claim to an investor, the insured's representative

13  becomes entitled to sue to recover the death benefit for the family. 18 *Del. C.* 2704(b);

14  *Berland*, 2021 WL 5316071, at *7-9 (answering certified question and holding that the

15  death benefit proceeds of a policy procured through the same Coventry short-term, non-

16  recourse loan must be paid to the insured's family under 18 *Del. C.* 2704(b)); *Malkin*

17  *II*, 379 F. Supp. 3d at 1284 (awarding $4 million death benefit on policy procured

18  through the same Coventry short-term, non-recourse loan to family under 18 *Del. C.*

19  2704(b)).  The purpose of this cause of action, of course, is to prevent illegal human life

20  wagers from coming to fruition, to sanction investors who perpetuate them, to eliminate

21  demand for them in the marketplace, and to restore to such policies a legitimate

22  insurance purpose (e.g., to protect and provide benefits to families, not to enrich those

23

24  [2] The illegality of this scheme under which the Policy lacked an insurance interest upon inception has been recognized by
    courts across the country.  *See, e.g.*, *Sun Life Assur. Co. of Canada v. U.S. Bank, N.A.*, 369 F. Supp. 3d 601, 605-606, 617

25  (D. Del. 2019) ("*Sol*") (policy procured through the same Coventry short-term, non-recourse loan lacked insurable interest
    under Delaware law); *U.S. Bank, N.A. v. Sun Life Assur. Co. of Canada*, No. CV144703SJFARL, 2016 WL 8116141, at

26  *3, *18, (E.D.N.Y. Aug. 30, 2016), *report and recommendation adopted*, No. 14CV4703SJFARL, 2017 WL 347449
    (E.D.N.Y. Jan. 24, 2017) ("*Van de Wetering*") (same); *Sun Life Assur. Co. of Canada v. U.S. Bank, N.A.*, No.

27  14CIV62610BLOOMVALLE, 2016 WL 161598, at *3-4, *18 (S.D. Fla. Jan. 14, 2016), *aff'd on this issue*, 693 F. App'x
    838 (11th Cir. 2017) ("*Malkin*") (same).; *Sun Life Assur. Co. of Canada v. Wells Fargo Bank, N.A.*, No. 17 C 06588, 2020

28  WL 1503641, at *2, *14 (N.D. Ill. Mar. 30, 2020) ("*Corwell*") (same under Illinois law).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA  90401

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

1  who would wager on human life). Plaintiff commenced this action under that statute to

2  recover the very death benefits that Wells Fargo obtained, as securities intermediary,

3  for the other Defendants. (*Id.*).

4       STOLI investors hide their identities from insurance companies, from the

5  insureds, and from the families of the insureds by employing securities intermediaries

6  to serve as the policies' owners of record. (FAC ¶¶ 33, 35, 37.)  That way, the investors

7  can acquire and sell the beneficial interests in the policies without having to tell the

8  insurance companies or anyone else about the transactions. (FAC ¶ 34.) STOLI

9  investors commonly use Wells Fargo as their securities intermediary.  (FAC ¶ 33.)

10  Plaintiff believes that Wells Fargo served as the securities intermediary for the investors

11  who were wagering on the life of his father, Mr. Frank.[3] (FAC ¶¶ 33–37.)

12       At the time of his death, Mr. Frank had a Will (the "Will").[4]  Article VII of the

13  Will states, in relevant part: "I nominate HARLEY R. FRANK as Executor of this

14  Will."  (RJN, Ex. A.)  On February 4, 2022, Plaintiff filed a petition for probate in the

15  Probate Division of the Los Angeles Superior Court attaching the Will, asking that the

16  Will be admitted to probate, and asking that, in accordance with the Will, the court

17  recognize him as the executor and appoint him as the personal representative of his

18  father's estate.  (*See* RJN, Ex. B.)  The hearing on the petition in the Probate Action is

19  scheduled for March 14, 2022. (*See id.*)  As his father's executor, Plaintiff commenced

20  this action, noting that as soon as he is recognized as the legal representative of his

21  father's estate he will seek leave to amend his pleading to add the estate as a plaintiff in

22  this action.  (FAC ¶ 1.)

23

24

25

---

26  [3] *Malkin II* describes in detail Wells Fargo's role as a securities intermediary in the exact same Coventry scheme that is at issue here.  379 F. Supp. 3d at 1269.

27  [4] Mr. Frank's Will and a related petition have been filed in the Probate Division of the Superior Court of the State of California, County of Los Angeles, Case No. 22STPB01131 (the "Probate Action").  (Pl.'s Request for Judicial Notice

28  ("RJN"), Exs. A-B.)

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

### III.   <u>APPLICABLE LEGAL STANDARD</u>

Rule 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must also be "plausible on its face," such that the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In other words, in deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff.  See *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  A court may consider materials other than the complaint if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of undisputed facts that are contained in extrinsic materials.  *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *see also Lee*, 250 F.3d at 689-90.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA  90401

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

IV.   **ARGUMENT**

   A.   **Wells Fargo's Argument That Plaintiff Lacks Standing Should Be Rejected**

      1.   **Plaintiff Has Standing To Maintain A Section 2704(b) Claim Because He Is Norman Frank's Executor**

Wells Fargo contends that Plaintiff is not Mr. Frank's executor or administrator and, therefore, lacks standing to bring a claim under 18 *Del. C.* § 2704(b).  (Mot. at 5-6.)  For the following reasons, Wells Fargo's arguments fail.

As a threshold matter, under the law of Delaware (and the majority of states), if and when an insurance carrier pays a STOLI policy's death claim to an investor, the insured's representative becomes entitled to sue to recover the death benefit for the family. 18 *Del. C.* 2704(b); *Berland*, 2021 WL 5316071, at *7-9 (answering certified question and holding that the death benefit proceeds of a policy procured through the same Coventry short-term, non-recourse loan must be paid to the insured's family under 18 *Del. C.* 2704(b)); *Malkin II*, 379 F. Supp. 3d at 1284 (awarding $4 million death benefit on policy procured through the same Coventry short-term, non-recourse loan to family under 18 *Del. C.* 2704(b)).  The purpose of this cause of action, of course, is to prevent illegal human life wagers from coming to fruition, to sanction investors who perpetuate them, to eliminate demand for them in the marketplace, and to restore to such policies a legitimate insurance purpose (e.g., to protect and provide benefits to families, not to enrich those who would wager on human life). Plaintiff commenced this action under that statute to recover the very death benefits that Wells Fargo obtained, as securities intermediary, for the other Defendants.

Here, Plaintiff is Mr. Frank's executor.  The term "executor" in Section 2704(b) is not defined.  Nor, for that matter, does the California Probate Code define the term "executor."  "Undefined words in a statute must be given their ordinary, common meaning." *Oceanport Industries, Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892,

Cozen O'Connor
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401

900 (Del. 1994).  Black's Law Dictionary defines "executor" as "[a] person named by a testator to carry out the provisions in the testator's will." *Executor*, BLACK'S LAW DICTIONARY (11th ed. 2019). Similarly, *Corpus Juris Secundum* defines "executor" as someone who is appointed by the testator. *See* 34 C.J.S. EXECUTORS AND ADMINISTRATORS § 215 (Feb. 2022) ("An executor is appointed by the testator to carry out the dispositions made under the testator's will.").  Simply put, an executor is someone who is named in a will as an executor. Here, Mr. Frank's Will named Plaintiff as executor.  (RJN, Ex. A.)  Therefore, Plaintiff is, and at the time of bringing suit was, Mr. Frank's executor. As a matter of plain language, Plaintiff has standing to bring a claim under Section 2704(b).

*Second*, Plaintiff was vested with legal authority to act on behalf of Mr. Frank's estate at the time Plaintiff commenced this action.  Section 8400(b) of the California Probate Code states: "[A] person named executor in the decedent's will may, before the appointment is made or becomes effective, pay funeral expenses and take necessary measures for the maintenance and preservation of the estate."  In bringing this action, Plaintiff took necessary measures for the maintenance and preservation of Norman Frank's estate.

    **2.**    **In The Event The Court Determines That Plaintiff Lacks Standing, The Court Should Not Dismiss Plaintiff's 2704(b) Claim With Prejudice But, Instead, Should Invoke FRCP 15(c) and 17(a)(3) To Permit Curative Amendment**

To the extent Mr. Frank's estate is the real party in interest, Rule 17(a)(3) entitles the estate to join in this action.  Rule 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Courts routinely apply Rule 17(a)(3) to allow a plaintiff who brought a claim in his or her personal capacity to join an estate or a personal representative as a plaintiff if the estate or personal representative should have been a plaintiff from the start. *See, e.g., Jones v. Las Vegas Metropolitan Police Department*, 873 F.3d 1123, 1128-29 (9th Cir. 2017) (reversing district court decision that declined to allow plaintiffs, who had brought suit in the wrong capacities, to substitute the administrator of decedent's estate into the case); *Agena v. Cleaver-Brooks, Inc.*, No. 19-CV-00089-DKW-RT, 2019 WL 11248590, at *13 (D. Hawaii Oct. 31, 2019) ("The [seventeen] Plaintiffs lacking the capacity to sue offer no justification for why they brought suit without such authority or why they have yet to obtain that authority nearly a year after filing this lawsuit. Nevertheless, consistent with the longstanding policy in favor of deciding cases on the merits and Rule 17, the Court will afford Plaintiffs a reasonable opportunity to substitute the right party….") (internal quotation marks omitted); *Slagowski v. Central Washington Asphalt, Inc.*, No. 2:11-CV-00142-APG, 2014 WL 4887807, at *5 (D. Nev. Sept. 30, 2014) (similar); *see also Krajewski v. Blair*, 297 A.2d 70, 73-74 (Del. Ch. 1972) (applying similar Delaware Chancery Rule 17) ("[D]efendants are correct in their argument that the executor or administrator is the proper party to assert claims in behalf of a decedent's estate. Nevertheless, Chancery Rule 17, Del.C.Ann., provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for the substitution of such party. I therefore allow plaintiffs 90 days from the date of this opinion within which to comply with Rule 17….") (internal citations omitted).

The Ninth Circuit has explained that "[t]he purpose of this portion of Rule 17(a) is to prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made." *U.S. for Use and Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074-75 (9th Cir. 1989) (quoting the Notes of Advisory Committee on 1996 Amendments). In deciding whether to apply Rule 17(a),

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

courts should also "consider the prejudice to the parties or the court's interest in litigating suits on their merits." *Continental Ins. Co. v. N.A.D., Inc.*, 16 F. App'x 659, 661-62 (9th Cir. 2001). If this Court needs to reach the question of whether to apply Rule 17(a) here, it should find the rule applicable because, at the time Plaintiff brought suit, it was arguably difficult to determine which party should sue, given that no personal representative had yet been appointed.  Further, application of Rule 17(a)(3) will not prejudice Wells Fargo (or any other defendants to this action) given that the addition of Mr. Frank's estate as a plaintiff would be a matter of form rather than substance. *See Continental*, 16 F. App'x at 662 (finding no prejudice by delay in substituting real party in interest and noting the "strong policy in favor of allowing a case to be heard on its merits").  As a hearing on the aforementioned probate petition in the Probate Action is scheduled for March 14, 2022, Plaintiff expects that he will soon be appointed as Mr. Frank's personal representative and in a position to join the estate as a plaintiff to this action. *See* Cal. Prob. Code § 8420 ("The person named as executor in the decedent's will has the right to appointment as personal representative.").

In turn, Rule 15(a)(2) states that, when a party seeks leave to amend its pleadings, "[t]he court should freely give leave when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citations and quotation marks omitted). Moreover, Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading…."  "While Rule 15(c) speaks only of a change in defendants, it applies by analogy to the substitution of plaintiffs." *Raynor Bros. v. American Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982) ("*Raynor Bros.*").

In "those cases in which the plaintiff originally lacked capacity to sue or sued in his individual rather than his representative capacity," the courts have "been noticeably

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

prone to allow an amendment setting forth the cause in plaintiff's proper capacity and relating such amendment back to the date of the original pleading." *De Franco v. U.S.*, 18 F.R.D. 156, 160-61 (S.D. Cal. 1955). "These decisions are based upon the general proposition that in such cases the defect is purely formal or procedural, and that essential justice requires that liberal amendment be permitted." *Id*. at 161. For example, in *Raynor Bros.*, the Ninth Circuit affirmed the propriety of allowing a plaintiff-corporation to substitute a related partnership and to have the amendment relate back to the date of the original complaint. *Id*. at 384. The Ninth Circuit reasoned that "[t]he identity of interest element of Rule 15(c) is met" and "the circumstances giving rise to the claim remained the same as under the original complaint." *Id*. at 384. Courts routinely apply Rule 15 to allow for amendment and relation back in situations where the plaintiff had sued in his or her individual capacity but ultimately should have sued in a representative capacity on behalf of a decedent's estate. *See, e.g., Owen v. Paramount Productions*, 41 F.Supp. 557, 561 (S.D. Cal. 1941) (applying Rule 15(c) to allow plaintiff suing in her personal capacity to be substituted in as executrix); *Klinger v. Corrections Corp. of America, Inc.*, No. 4:11CV2299, 2012 WL 6200393, at *9 (N.D. Ohio Oct. 23, 2012), *report and recommendation adopted*, No. 4:11CV2299, 2012 WL 6200386 (N.D. Ohio Dec. 12, 2012).

The same logic applies here. Amending the FAC to include Mr. Frank's estate as a party to the Section 2704(b) claim will be a matter of form rather than substance. The amended complaint will be based on precisely the same "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," and will thus relate back to the date of the original complaint. Fed. R. Civ. P. 15(c)(1)(B). Thus, even if this Court finds that Plaintiff lacks standing and that Rule 17(a)(3) is possibly inapplicable, Rule 15 would still provide a full and adequate remedy to allow the Section 2704(b) claim to survive.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Even if there were any basis to dismiss the FAC under either Rule 15 or Rule 17—which there is not—to do so would be entirely contrary to the very purpose of the Federal Rules of Civil Procedure.  Rule 1 cautions that the FRCP are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also In re Apple iPhone Antitrust Litig*., 846 F.3d 313 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 203 L. Ed. 2d 802 (2019) (finding that district court adhered to the principles of Rule 1 by considering a late motion to dismiss when any error was harmless and any alternative would have substantially delayed resolution of standing question for no purpose).  It would be unjust, inefficient, and expensive to grant Wells Fargo's Motion to Dismiss.  Wells Fargo's motion is wasteful in that it requires briefing on a spurious legal argument that—even if it had any legal merit in the first place—will soon become moot once the estate is opened. Even if Wells Fargo's standing argument is somehow ultimately successful, dismissal *without prejudice* would be pointless.  It would require that Plaintiff re-file or file a further amended complaint after the probate court has recognized him as the executor—something Plaintiff has already confirmed that he intends to do by seeking leave to file a further amended complaint that will relate back to the commencement of this action.  (FAC ¶ 1.)  On the other hand, dismissal *with prejudice* based on Wells Fargo's standing argument would be entirely unjust.

### B.    Plaintiff Has Stated A Section 2704(b) Claim Against Wells Fargo, In Its Capacity As Securities Intermediary, Because The FAC Plausibly Alleges That Wells Fargo Received The Death Benefits At Issue

Wells Fargo also contends that Plaintiff fails to satisfy the standard for pleading a Section 2704(b) claim.  (Mot. at 6.)  This argument appears to be based primarily on the theory that Section 2704(b) is inapplicable as a matter of law to securities intermediaries.  The argument fails.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (internal citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *United States v. United Healthcare Insurance Company*, 848 F.3d 1161, 1179-80 (9th Cir. 2016).

"*Iqbal* demands more of plaintiffs than bare notice pleading, but it does not require us to flyspeck complaints looking for any gap in the facts." *Lacey*, 693 F.3d at 924 (internal citations omitted). Moreover, "[t]he *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017).

Section 2704(b) provides that "[i]f the beneficiary, assignee or other payee under any contract made in violation of this section receives from the insurer any benefits thereunder accruing upon the death, disablement or injury of the individual insured, the individual insured or his or her executor or administrator, as the case may be, may maintain an action to recover such benefits from the person so receiving them." Here, Plaintiff alleges that a life insurance policy on Mr. Frank's life violated 18 *Del. C.* § 2704, and that Wells Fargo, in its capacity as securities intermediary or trustee for the investors who procured the policy, received and was paid the policy's death benefit. (FAC ¶¶ 20-39.) These allegations, accepted as true for purposes of the Motion, "allow[] the court to draw the reasonable inference that the defendant is liable" under Section 2704(b) "for the misconduct alleged." *United Healthcare*, 848 F.3d at 1179-80. Therefore, the claim is plausible on its face.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

To the extent that Wells Fargo is arguing that securities intermediaries and trustees are immune from Section 2704(b) liability because they merely "hold[] assets for someone else" (Mot. at 7), Wells Fargo is wrong. Wells Fargo made that same argument in *Malkin II,* claiming that its "'ministerial role' as a securities intermediary" should immunize it from Section 2704(b) liability. 379 F.Supp.3d at 1279. On summary judgment, the district court rejected Wells Fargo's argument, reasoning that if, after receiving the death benefits at issue in that case, "Wells Fargo retained any of the proceeds for itself, then it is very much a 'payee under [a] contract made in violation' of" Section 2704(a)." *Id.* at 1280. The *Malkin II* court went on to observe that what Wells Fargo did with the proceeds after receiving them was a "factual question" for trial. *Id.*[5]

Just as Wells Fargo's argument was not entertained in *Malkin II*, it should not be countenanced here as well. Plaintiff's allegations suggest that Wells Fargo acted as securities intermediary and record owner for the Norman Frank policy, and was paid and received the policy's death benefit. That is all Plaintiff needs to allege at this point. What Wells Fargo did with the proceeds is peculiarly within Wells Fargo's knowledge, and Plaintiff thus cannot be expected to make specific allegations to that effect.[6] *See Soo Park*, 851 F.3d at 928–29. Nor should this Court accept Wells Fargo's invitation to "flyspeck" any purported "gap in the facts." *Lacey*, 693 F.3d at 924. Wells Fargo is on fair notice of the claims asserted against it, and is thus perfectly capable of addressing

---

[5] The district court's decision in *Malkin II* was appealed to the Eleventh Circuit. *See Estate of Malkin v. Wells Fargo Bank, NA*, 998 F.3d 1186, 1202 (11th. Cir. 2021). On appeal, the Eleventh Circuit considered whether securities intermediaries in Wells Fargo's position might have a defense under Section 8-502 of the UCC. The Eleventh Circuit certified that question and other questions to the Delaware Supreme Court. *Id.* On June 3, 2021, the Delaware Supreme Court accepted the certified questions. Del. Supr. Ct. Case No. 172, 2021 (Del. June 3, 2021). It has not yet answered them. Even if the Delaware Supreme Court rules that a securities intermediary may raise a UCC defense to a Section 2704(b) claim, the securities intermediary will enjoy no blanket immunity from Section 2704(b), but would still have to raise the defense and prove it at trial in the normal course.

[6] Wells Fargo does not deny that it acted as the securities intermediary for the Policy or that it received the death benefit. Because of the lengths to which STOLI investors and their agents go to conceal their illicit activities, Plaintiff does not yet know what, if anything, Wells Fargo did with the death benefit after receiving it, although of course Wells Fargo knows this information and refuses to disclose it. (FAC ¶¶ 33–38.)

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

the FAC's allegations. *See Pac. Coast Federation of Fishermen's Associations v. Glaser*, 945 F.3d 1076, 1086–87 (9th Cir. 2019) ("Rule 8's liberal notice pleading standard . . . requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal quotation marks omitted).

In addition to being liable under Section 2704(b) in its own capacity as a securities intermediary, Wells Fargo can also be held liable under Section 2704(b) through principles of agency law.  Delaware follows the Restatement (Second) of Agency. *Doe v. Bicking*, No. CV S14C-05-026 CAK, 2020 WL 374677, at *7 n.32 (Del. Super. Ct. Jan. 22, 2020). Various provisions of the Restatement recognize that an agent can always be held liable to a third party even if the agent acts for and at the direction of its principal—especially where the principal is undisclosed, as is true here. *See* Restatement (Second) Agency § 337 ("An agent who has made a contract on behalf of an undisclosed principal is not relieved from liability by the determination of the other party thereto to look to the principal alone for the performance of the contract. He is discharged from liability if the other obtains a judgment against the principal, or, to the extent that he is prejudiced thereby, if he changes his position in justifiable reliance upon the other's manifestation that he will look solely to the principal for payment."); *id*. § 343 ("An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal."). Delaware courts have followed these well-settled principles for many years. *See, e.g.*, *Metro Storage Int'l LLC v. Harron*, No. CV 2018-0937-JTL, 2019 WL 3282613, at *25 (Del. Ch. Jul. 19, 2019) (citing *Verrastro v. Bayhospitalists, LLC*, 208 A.3d 720, 724-25 (Del. 2019)); *Kuhn Const. Co. v. Ocean and Coastal Consults.*, 723 F. Supp. 2d 676, 690 (D. Del. 2010); *First St. Staffing Plus v. Mont. Mut. Ins. Co.*, No. CIV.A. 2100-S, 2005 WL 2173993, at *10 (Del. Ch. Sep. 6, 2005); *Clark v. Brooks*, 377 A.2d 365, 370-71 (Del. Super. Ct. 1977), *aff'd sub nom Blackshear v. Clark*, 391 A.2d 747 (Del. 1979);

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1    *T.V. Spano Bldg. Corp v. Wilson*, 584 A.2d 523, 531 (Del. Super. Ct. 1990) (quoting

2    Restatement (Second) Agency § 343)). Therefore, Wells Fargo can be held liable under

3    Section 2704(b) as an agent of its principals.

4        Finally, Wells Fargo argues that Plaintiff engages in impermissible "group

5    pleading" by alleging that "five Defendants, collectively, received a single death

6    benefit." (Mot. at 7.)  Group pleading is permissible depending on context. *See In re*

7    *American Apparel, Inc. Shareholder Derivative Litigation*, No. CV 10-06576 MMM

8    RCX, 2012 WL 9506072, at *39-42 (C.D. Cal. July 31, 2012).  Furthermore, "group

9    pleading" is appropriate when a plaintiff is uncertain, to no fault of his own, of the

10   relationship among parties. *Agency Y LLC v. DFO Glob. Performance Com. Ltd*., No.

11   SACV201716JVSKESX, 2021 WL 4350056, at *3 (C.D. Cal. Aug. 4, 2021) (denying

12   motion to dismiss based on alleged group pleading defect); *Heller v. NBCUniversal,*

13   *Inc.*, CV-15-09631-MWF-KS, 2016 WL 6573985, at *3-4 (C.D. Cal. Mar. 30, 2016)

14   (same); *Stepanyan v. United States*, CV 20-1774-CBM-MAA(x), 2020 WL 8365242

15   (C.D. Cal. Dec. 14, 2020) (denying motion to dismiss and noting that courts deny

16   motions to dismiss "for improper 'aggregate' or 'group pleading' where the plaintiff

17   would not have knowledge of each defendant's specific role in the alleged misconduct

18   and the defendants have fair notice of the claims asserted against them").

19       Here, it is clear from context exactly what Wells Fargo is alleged to have done.

20   Of the five defendants, four are STOLI investors, and the fifth—Wells Fargo—is the

21   entity that acted as their agent. Accordingly, when Plaintiff refers to the "death benefit"

22   as having been paid "to Defendants," Wells Fargo knows exactly what that means

23   because Wells Fargo itself received the death benefit and knows what, if anything, it

24   did with that money.  In other words, Wells Fargo is fully equipped to respond to the

25   allegations against it.   Wells Fargo has invited any such "group pleading" by

26   deliberately refusing to identify the entity for which it had served as securities

27   intermediary at the time of Mr. Frank's passing. Wells Fargo consistently attempts to

28

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

22

conceal the identities of STOLI investors. *See supra* Section II. Without discovery, it is impossible to know who received the beneficial interest among the various defendants. Wells Fargo peculiarly possesses the facts within its control, which is why it is imperative that the Court deny this motion to dismiss and allow discovery on these issues to proceed.

## V.   **CONCLUSION**

For the foregoing reasons, this Court should deny Wells Fargo's motion to dismiss Plaintiff's Section 2704(b) claim.  In addition, this Court should permit Plaintiff to join Mr. Frank's estate and/or its personal representative as a plaintiff in accordance with Rule 17(a)(3) and/or Rule 15(c) within a reasonable period after Mr. Frank's estate is opened and a personal representative is appointed.

As noted above, Plaintiff does not object to the dismissal of his unjust-enrichment claim against Wells Fargo. If, however, this Court elects to grant Wells Fargo's motion to dismiss Plaintiff's Section 2704(b) claim, Plaintiff should be given leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (internal quotation marks omitted).

Dated: February 18, 2022          COZEN O'CONNOR


                                  By: /s/ Matthew E. Lewitz
                                  Matthew E. Lewitz
                                  Attorneys for Plaintiff
                                  HARLEY FRANK

COZEN O'CONNOR
401 WILSHIRE BOULEVARD, SUITE 850
SANTA MONICA, CA 90401

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT