1  KHAI LEQUANG (SBN 202922)
   klequang@orrick.com
2  AARON M. RUBIN (SBN 320880)
   amrubin@orrick.com
3  JANISTA LEE (SBN 335278)
   janista.lee@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
5  2050 Main Street
   Suite 1100
6  Irvine, CA  92614-8255
   Telephone:   +1 949 567 6700
7  Facsimile:    +1 949 567 6710

8  Attorneys for Defendant
   Wells Fargo Bank, National Association
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY FRANK,<br><br>            Plaintiff,<br><br>    v.<br><br>LIFE ASSETS TRUST S.A.; PORTIGON A.G., NEW YORK BRANCH f/k/a WESTLB AG, NEW YORK BRANCH; VIDA CAPITAL, INC.; LIFE PARTNERS HOLDINGS, INC.; WELLS FARGO BANK, N.A., and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 2:21-cv-09916-AB-PD<br><br>**DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date:   March 11, 2022<br>Hearing Time:  10:00 A.M.<br>Dept:      Courtroom 7B<br>Judge:     Honorable André Birotte Jr.<br><br>Am. Comp. Filed: January 24, 2022 |

On February 18, 2022, Plaintiff Harley Frank requested this Court take judicial notice of two documents in support of his opposition to Defendant Wells Fargo Bank, National Association's ("Wells Fargo") Rule 12(b)(6) Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Evidence 201. *See* Dkt. No. 54 ("RJN").  Wells Fargo hereby opposes Plaintiff's RJN.

## I.   ARGUMENT

Courts "may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

Plaintiff asks this Court to take judicial notice of two documents: (1) the Last Will and Testament of decedent Norman Frank (the "Will"), which Plaintiff purports to attach to his RJN as Exhibit A, and (2) the Petition for Probate of the Will of Norman Frank and for Letters Testamentary and for Authorization to Administer Under the Independent Administration of Estates Act filed in the probate action (the "Probate Action" captioned *In re Estate of Norman Frank*, Case No. 22STPB01131 in the Superior Court of the State of California, County of Los Angeles (the "Probate Petition")), which Plaintiff purports to attach to his RJN as Exhibit B.  *See* RJN at 2.

It is not proper for the Court to apply the incorporation-by-reference doctrine or Rule 201 to the Will because Plaintiff has not met his burden of persuading the Court.  Further, the Court may take judicial notice to the existence of the Probate Action but may not take judicial notice of the facts included therein.

### A.   The Court Should Not Take Judicial Notice of the Will.

#### 1.   The Court should not apply the incorporation-by-reference doctrine here because the FAC never refers to the Will and the Will is not central to Plaintiff's claims.

"[I]ncorporation-by-reference is a judicially created doctrine that treats

certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A court may only consider a document to be incorporated by reference if the complaint "necessarily relies on it," meaning: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A document is central to a plaintiff's claim if the claim "depends on the contents of [the] document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see Narayan v. EGL, Inc.*, 616 F.3d 895, 899 (9th Cir. 2010) (finding that a contract is not incorporated by reference where the claims do not arise out of the contract, involve the interpretation of any contract terms, or otherwise require there to be a contract). Only if a document satisfies these three requirements will a court "treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents that may be central to creating a defense but are not central to a plaintiff's claim should not be incorporated by reference. *Bourban v. AXA Equitable Life Ins. Co.*, No. CV 20-3376-MWF, 2020 WL 8028847, at *3 (C.D. Cal. Nov. 12, 2020).

The Will does not satisfy the Ninth Circuit's requirements for incorporation by reference. First, the FAC does not refer to the Will. Second, the Will is not central to Plaintiff's claims. Plaintiff only has one claim remaining against Wells Fargo: recovery of insurance proceeds due to lack of insurable interest. *See* FAC ¶¶ 40-48.[1] Accordingly, the central issue—indeed, the sole issue—in Plaintiff's FAC is whether a life insurance policy was issued without an insurable interest in the life of the insured at its inception under Delaware's insurable interest statute, 18

---

[1] Plaintiff also initially brought a claim in the alternative for unjust enrichment but agreed to dismiss this claim as to Wells Fargo. *See* Dkt. No. 53 at 9 n.1. Notwithstanding, this claim is based on the exact same facts as the claim for lack of insurable interest.

Del. C. § 2704. *See id.* According to the allegations in the FAC, if the policy was issued without an insurable interest at inception, then Plaintiff is allegedly entitled to the death benefit proceeds from the payee under Section 2704(b). The Will is not central to this claim, because the claim does not depend on the contents of the Will. The issue did not arise out of the Will, involve interpretation of the Will, or require a Will.[2]

Wells Fargo moved to dismiss Plaintiff's claim under Rule 12(b)(6) for lack of statutory standing and failure to state a claim. *See* Dkt. No. 45. Plaintiff argues that the Will is relevant to "Wells Fargo's challenge to Plaintiff's standing [and]. . . is squarely relevant to adjudication of the instant Motion." RJN at 4. However, the test for the incorporation-by-reference doctrine is whether the document is central to the claim, not whether the document is central to the defense as Plaintiff implies. *See Bourban*, 2020 WL 8028847, at *3.

Because the FAC does not mention the Will and the Will is not central to Plaintiff's claim under 18 Del. C. § 2704, the Will is not incorporated into the FAC by reference.

### 2. The Court should not apply Rule 201 to the Will, because the accuracy of the Will is reasonably questioned.

Federal Rule of Evidence 201 permits a court to take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(c). "Plaintiff, as [t]he party requesting judicial notice[,] bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned." *Fuller v. Houston*, No. EDCV 21-00127-JGB, 2021 WL 6496742, at *5 n. 4 (C.D. Cal. Nov. 19, 2021) (citations removed). "A high degree of indisputability is an essential prerequisite

---

[2] Wells Fargo does not express an opinion on the authenticity of the Will and reserves its rights on this issue.

1  for a court to take judicial notice of a particular fact." *Gerritsen v. Warner Bros.*
2  *Ent. Inc.*, 112 F. Supp. 3d 1011, 1031 (C.D. Cal. 2015) (citations removed)
3  (declining to take judicial notice of the facts and striking them from the record).
4      The Court should not grant Plaintiff's request for judicial notice of the facts
5  in the Will under Rule 201 because the accuracy of the Will does not meet the
6  "high degree of indisputability" standard and its accuracy is reasonably questioned.
7  Rule 201 permits a court to take judicial notice of a fact that is not subject to
8  reasonable dispute because it "can be accurately and readily determined from
9  sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(c).
10 Wills are not such sources.  Wills are frequently disputed and their accuracy
11 commonly questioned. *See e.g*, Cal. Prob. Code § 8004 (providing procedural rules
12 where the personal representative or will is contested).  In fact, one of the functions
13 of probate is for the court to "decide[] if a will exists and is valid." WILL, ESTATES,
14 AND PROBATE, https://www.courts.ca.gov/8865.htm?rdeLocaleAttr=en (last visited
15 Feb. 25, 2022).  Accordingly, the accuracy of this Will and the facts therein are also
16 reasonably questioned, and the Court should not grant judicial notice.  Plaintiff has
17 not met his burden of persuading the Court that the Will's accuracy cannot be
18 reasonably questioned. *See Fuller*, 2021 WL 6496742, at *5.

### B. This Court Should Limit Judicial Notice to the Existence of the Probate Action.

21     Wells Fargo does not dispute that the Court may take judicial notice of the
22 existence of the Probate Action, but this Court should limit judicial notice to the
23 existence of the action and not the facts pled within.  "A court may take judicial
24 notice of matters of public record… [but] [n]otice is taken of the existence of such
25 filings, not the truth of the facts recited therein." *Est. of Merlin Factor v. Cnty. of*
26 *San Bernardino*, No. ED CV 14-1289, 2016 WL 11756822, at *2 (C.D. Cal. Mar.
27 30, 2016).  Wells Fargo does not dispute the existence of the Probate Action, but
28 this Court should not rely on the assertions pled therein for their truth.

## II. CONCLUSION

For these reasons, Wells Fargo respectfully requests that this Court deny Plaintiff's Request for Judicial Notice of the Will and limit Judicial Notice of the Probate Action to the existence of the action.

Dated: February 25, 2022

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

 /s/ Khai LeQuang
Khai LeQuang (SBN 202922)
klequang@orrick.com
Aaron M. Rubin (SBN 320880)
amrubin@orrick.com
Janista Lee (SBN 335278)
janista.lee@orrick.com
2050 Main Street, Suite 1100
Irvine, California 92614
Phone: (949) 567-6700
Fax:    (949) 567-6710

*Attorneys for Defendant Wells Fargo Bank, National Association*