KHAI LEQUANG (SBN 202922)
klequang@orrick.com
AARON RUBIN (SBN 320880)
amrubin@orrick.com
JANISTA LEE (SBN 335278)
janista.lee@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA 92614-8255
Telephone:  +1 949 567 6700
Facsimile:   +1 949 567 6710

Attorneys for Defendant
Wells Fargo Bank, National Association

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY FRANK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LIFE ASSETS TRUST S.A.;<br>PORTIGON A.G., NEW YORK<br>BRANCH f/k/a WESTLB AG, NEW<br>YORK BRANCH; VIDA CAPITAL,<br>INC.; LIFE PARTNERS HOLDINGS,<br>INC.; WELLS FARGO BANK, N.A.,<br>and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:21-cv-09916-AB-PD<br><br>**WELLS FARGO BANK,<br>NATIONAL ASSOCIATION'S<br>REPLY IN SUPPORT OF<br>MOTION TO DISMISS**<br><br>Hearing Date: March 11, 2022<br>Time:　　10:00 a.m.<br>Dept:　　Courtroom 7B<br>Judge:　　Honorable André Birotte Jr.<br><br>Am. Comp. Filed: January 24, 2022 |

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION .......................................................................................... 1

II.     THE FAC FAILS TO ALLEGE THAT PLAINTIFF HAS
        STANDING UNDER SECTION 2704(B) AND NO AMENDMENT
        SHOULD BE PERMITTED WHERE PLAINTIFF MADE NO
        MISTAKE AND HAD NO DIFFICULTY IN NAMING THE
        PROPER PARTY .......................................................................................... 2

        A.     The FAC Fails to Allege That Plaintiff Has Standing Under
               Section 2704(b) ................................................................................ 3

        B.     The Court Should Dismiss Plaintiff's Claim Without Invoking
               FRCP 17(a)(3) or 15(c) Because Plaintiff Made No Mistake and
               Had No Difficulty in Determining the Identity of the Proper
               Party ................................................................................................. 6

III.    THE FAC FAILS TO ALLEGE A PLAUSIBLE CLAIM THAT
        WELLS FARGO RECEIVED THE BENEFITS ........................................... 9

IV.     CONCLUSION ........................................................................................... 12

1

2

**TABLE OF AUTHORITIES**

3

**Page(s)**

4

**Cases**

5

*Abe v. AFCH, Inc.*,

6

2:20-CV-08193-ODW, 2022 WL 159728 (C.D. Cal Jan. 18, 2022) ............ 3, 10

7

*In re Am. Apparel, Inc. S'holder Derivative Litig.*,

8

No. CV 10-06576 MMM RCX, 2012 WL 9506072 (C.D. Cal. July
31, 2012) ................................................................................................. 11

9

10

*Apple Inc. v Allan & Assocs. Ltd.*,

445 F. Supp. 3d 42 (N.D. Cal. 2020) .............................................................. 3, 4

11

*Bell Atl. Corp. v. Twombly*,

12

550 U.S. 544 (2007) ...................................................................................... 11

13

*Brown v. Wolfgang Puck Worldwide, Inc.*,

14

No. 2:20-cv-10977, 2021 WL 4699214 (C.D.Cal. Aug. 5, 2021) ..................... 8

15

*Eminence Capital, LLC v. Aspeon, Inc.*,

16

316 F.3d 1048 (9th Cir. 2003) .......................................................................... 9

17

*Est. of Daher v. LSH Co.*,

CV 21-03239, 2021 WL 6809407 (C.D. Cal. Dec. 15, 2021) ........................... 8

18

19

*Est. of Malkin v. Wells Fargo Bank, Nat'l Ass'n*,

379 F. Supp. 3d 1263 (S.D. Fla. 2019) ....................................................... 8, 10

20

21

*Est. of Merlin Factor v. Cnty. of San Bernardino*,

No. ED CV 14-1289, 2016 WL 11756822 (C.D. Cal., Mar. 30,

22

2016) ................................................................................................................ 4

23

*Est. of Miller v. Cnty. of Sutter*,

24

No. 2:20-cv-00577-KJM-DMC, 2020 WL 6392565 (E.D. Cal. Nov.
2, 2020) ............................................................................................................ 4

25

26

*Goodman v. U.S.*,

298 F.3d 1048 (9th Cir. 2002) .......................................................................... 7

27

28

*In re Shelton*,
    No. SA CV 18-1171-MWF, 2019 WL 11717118 (C.D. Cal. Jan. 31,
    2019) ...................................................................................................... 5

*Krupski v. Costa Crociere S. p. A.*,
    560 U.S. 538 (2010) ............................................................................. 9

*Landers v. Quality Commc'ns, Inc.*,
    771 F.3d 638 (9th Cir. 2014) ............................................................. 10

*Lavastone Cap. LLC v. Est. of Berland*,
    266 A.3d 964 (Del. 2021) ..................................................................... 3

*Lindley v. U.S.*,
    59 F.2d 336 (9th Cir. 1932) .................................................................. 5

*Memorialcare Healthcare Sys. v. Cigna Healthcare of Cal., Inc.*,
    No. SACV 10-1661, 2011 WL 13217959 (C.D. Cal. July 29, 2011) ................. 3

*Moreno v. Utiliquest, LLC*,
    No. 20-cv-03156, 2020 WL 10575507 (C.D. Cal. July 16, 2020) ............. 1, 3, 12

*Reeder v. Wagner*,
    No. CIV.A. 06C-09-025RRC, 2006 WL 3501664 (Del. Super. Ct.
    Dec. 4, 2006) ......................................................................................... 6

*Smith v. Cimmet*,
    199 Cal. App. 4th 1381 (2011) ............................................................. 5

*Thomas v. Baca*,
    No. CV04-08448 DDP, 2014 WL 2805209 (C.D. Cal. June 20,
    2014) ...................................................................................................... 5

*U.S. for Use and Benefit of Wulff v. CMA, Inc.*,
    890 F.2d 1070 (9th Cir. 1989) ........................................................... 7, 8

*Weingarten v. Monster Worldwide, Inc.*,
    No. CV 12931-VCG, 2017 WL 752179 (Del. Ch. Feb. 27, 2017) ..................... 6

**Statutes**

Cal. Prob. Code § 8400 ................................................................................. 5

Cal. Prob. Code § 9820(a) ............................................................................ 5

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD

18 Del. C. § 2704(b) ...............................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 15.................................................................................1, 2, 8, 9

Fed. R. Civ. P. 17...........................................................................1, 2, 6, 7, 8, 9

Fed. R. Evid. 201(b)(2)..................................................................................4

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD

1

**I.      INTRODUCTION**

2          Plaintiff Harley Frank's ("Plaintiff" or "Frank") First Amended Complaint

3  ("FAC") fails to state a valid claim against Defendant Wells Fargo Bank, National

4  Association ("Wells Fargo").  Frank attempts to cure the FAC's deficiencies by

5  making new allegations in his Opposition, but these new allegations do not cure the

6  FAC's deficiencies, nor may the Court consider these unpled allegations.

7  Accordingly, the Court should dismiss the FAC.  Because Frank cannot cure these

8  defects—as evidenced by the new allegations made in his Opposition—the Court

9  should dismiss Frank's claims against Wells Fargo with prejudice.

10         First, Plaintiff concedes his unjust enrichment claim fails as a matter of law.

11  That claim should therefore be dismissed with prejudice.

12         Second, Plaintiff does not have standing under Section 2704(b), which

13  permits claims only by the "insured or his or her executor or administrator."  The

14  FAC does not plead that Plaintiff is the executor—rather, it pleads he is not.

15  Plaintiff attempts to recover from his pleading deficiency by alleging for the first

16  time in the Opposition brief that he is, in fact, the executor.  To support this,

17  Plaintiff asks this Court to take judicial notice of Norman Frank's will (the "Will").

18  But the FAC makes no mention of this Will.  Indeed, Plaintiff's claim that he is the

19  executor by the Will contradicts the FAC's allegation that Plaintiff is currently

20  seeking to have himself appointed as the executor.  In any event, "[i]t is axiomatic

21  that the complaint may not be amended by briefs in opposition to a motion to

22  dismiss."  *Moreno v. Utiliquest, LLC*, No. 20-cv-03156, 2020 WL 10575507, at *5

23  (C.D. Cal. July 16, 2020) (citations removed).  Plaintiff cannot use the Opposition

24  to amend the FAC, especially to contradict it, which is exactly what he seeks to do

25  here.

26         Unable to overcome his lack of standing, Plaintiff invokes Fed. R. Civ. P.

27  17(a)(3) or 15(c).  He argues that if the proper plaintiff is ultimately added to this

28

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD

case, that party's claim should relate back to the date of the original filing.  Putting aside that this argument has no relevance to the present motion to dismiss, Rules 17(a)(3) and 15(c) are inapplicable in a situation like this where the plaintiff did not make an honest mistake and there was no difficulty in determining the proper party. Plaintiff knew that the executor was the proper plaintiff from the moment he initiated this action, as demonstrated by his efforts to have himself "appointed as [the Estate's] Executor" after which he would add the estate as a plaintiff.  FAC ¶ 1. Plaintiff nevertheless sued Wells Fargo (and other defendants) despite conceding his lack of standing.  This was no mistake.

Third, Plaintiff's Section 2704(b) claim fails because the FAC fails to allege any facts that support the conclusion that Wells Fargo received the death benefit. Instead, Plaintiff continues to rely on the implausible assertion that all five defendants collectively received the benefits, even though the claims are brought against Wells Fargo in a different capacity than the other defendants.  Once again, Plaintiff does not rely on the FAC for his argument but improperly introduces new allegations about Wells Fargo's role.

For all these reasons, and because Plaintiff cannot cure these defects, the Court should dismiss Plaintiff's claims against Wells Fargo without leave to amend.

## II.   THE FAC FAILS TO ALLEGE THAT PLAINTIFF HAS STANDING UNDER SECTION 2704(b) AND NO AMENDMENT SHOULD BE PERMITTED WHERE PLAINTIFF MADE NO MISTAKE AND HAD NO DIFFICULTY IN NAMING THE PROPER PARTY

Plaintiff lacks standing under Section 2704(b) because he does not plead that he is the executor.  Indeed, he pleads he is not.  Plaintiff cannot now amend the FAC via the arguments in his Opposition brief.  Further, because Plaintiff did not make a mistake and had no difficulty in naming the proper party, the Court should not apply Fed. R. Civ. P. 17(a)(3) or 15(c).

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD

1    **A.     The FAC Fails to Allege That Plaintiff Has Standing Under Section 2704(b)**

2

3    Plaintiff's failure to allege that he has standing to bring a claim under Section

4    2704(b) requires dismissal of the FAC.[1]  Section 2704(b) plainly states that the only

5    persons who may maintain an action under the statute are "the insured" or his or her

6    "executor or administrator."  18 Del. C. § 2704(b).  In other words, "***the estate of***

7    ***the insured*** may recover the death benefit from the recipient."  *Lavastone Cap.*

8    *LLC v. Est. of Berland*, 266 A.3d 964, 969 (Del. 2021) (emphasis added).

9    The FAC does not plead that Plaintiff is the insured or the executor or

10   administrator.  *See* FAC ¶ 1.  Rather, Plaintiff concedes that he "is undertaking

11   proceedings under California law to open the Estate of Norman Frank (the 'Estate')

12   in Los Angeles County ***and to have himself appointed as its Executor***, after which

13   this [FAC] will be amended to add the Estate as a Plaintiff in this matter."  *Id.*

14   (emphasis added).  By his own admission in the pleadings, Plaintiff is not currently

15   the Executor since he is seeking to be appointed as such.[2]  *See, e.g., Memorialcare*

16   *Healthcare Sys. v. Cigna Healthcare of Cal., Inc.*, No. SACV 10-1661, 2011 WL

17   13217959, at *4 (C.D. Cal. July 29, 2011) ("Obviously, Plaintiff has not and cannot

18   truthfully allege she is the administrator of an estate that doesn't exist.").

19   Plaintiff attempts to amend this fatal deficiency in the FAC by introducing

20   new contradictory allegations via the arguments in his Opposition brief.  This is

21   improper.  This Court has stated that "[i]t is axiomatic that the complaint may not

22   be amended by briefs in opposition to a motion to dismiss."  *Moreno*, 2020 WL

23   10575507, at *5; *see also Apple Inc. v Allan & Assocs. Ltd.,* 445 F. Supp. 3d 42, 59

24   (N.D. Cal. 2020) (same); *Abe v. AFCH, Inc.*, 2:20-CV-08193-ODW, 2022 WL

25   _____

26   [1] Plaintiff does not object to the dismissal of his unjust enrichment claim against Wells Fargo.  This claim against Wells Fargo should be dismissed with prejudice.

27   [2] Plaintiff concedes in his Opposition that the estate has still not been opened and

28   the court has yet to recognize him as the executor.  *See* Opp'n at 11:14-22.

-3-                                    WELLS FARGO BANK, N.A.'S REPLY ISO
                                         MOTION TO DISMISS
                                         2:21-CV-09916-AB-PD

159728, at *5 (C.D. Cal. Jan. 18, 2022) ("[T]hese facts were not included in the FAC and a plaintiff may not amend his complaint 'by briefs in opposition to a motion to dismiss'"). Allegations from documents plaintiffs request judicial notice of also cannot be used to amend a deficient FAC in opposition to a motion to dismiss. *See Est. of Miller v. Cnty. of Sutter*, No. 2:20-cv-00577-KJM-DMC, 2020 WL 6392565, at *10 (E.D. Cal. Nov. 2, 2020) (declining to rely on documents of which the plaintiffs request judicial notice) (citing *Apple Inc.,* 445 F. Supp. 3d at 59).

For the first time, the Opposition brief alleges that Plaintiff is an executor because he is named as an executor in the Will. Opp'n at 14:7-8. Plaintiff attempts to support this new allegation by asking this Court to take judicial notice of the underlying facts asserted in documents that are neither attached to nor incorporated by reference in the FAC: the Will and the Probate Action.[3] *See* Dkt. 54. Plaintiff's attempt to amend the FAC in the Opposition by introducing these new allegations is improper. The FAC did not plead that Plaintiff was the executor (FAC ¶ 1) nor did the FAC mention the Will. Rather, Plaintiff pled that he was not yet the executor. Plaintiff cannot plead the opposite now in the Opposition brief. Nor can Plaintiff rely on the facts recited in new documents such as the Will, never mentioned in the FAC, to overcome pleading defects. Plaintiff is endeavoring to circumvent pleading requirements with these new facts rather than seek leave to amend his FAC, but courts have consistently held that this is not permissible.

In any event, contrary to Plaintiff's argument, even if the Will were to be considered and was properly pled, being named an executor in the Will in

---

[3] Wells Fargo opposes Plaintiff's Request for Judicial Notice of the Will, because a will is not a source whose "accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2); Opp'n to Req. J. Not (Dkt. 60). Wells Fargo does not contest that the Court may take judicial notice of the existence of the Probate Action, but the Court should not take judicial notice of "truth of the facts recited therein." Opp'n to Req. J. Not. (Dkt. 60); *see Est. of Merlin Factor v. Cnty. of San Bernardino*, No. ED CV 14-1289, 2016 WL 11756822, at *2 (C.D. Cal., Mar. 30, 2016).

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD

1  California does not make Plaintiff the executor for purposes of bringing this action

2  under Section 2704(b). *See* Opp'n at 14:6-7. In California, estates are administered

3  under jurisdiction of the court, and executors derive their authority solely from

4  appointment by a court. *See Lindley v. U.S.*, 59 F.2d 336, 338 (9th Cir. 1932).

5      Plaintiff incorrectly relies on California Probate Code Section 8400(b) to

6  argue that he has authority to bring this action because he is named as the executor

7  in the Will. *See* Opp'n at 14. But Section 8400(b) states only that the executor

8  named in the Will "may, before the appointment is made or becomes effective, pay

9  funeral expenses and take necessary measures for the maintenance and preservation

10  of the estate." In other words, prior to being appointed, the executor named in the

11  Will may undertake only these limited and delineated administrative tasks. *See*

12  *Thomas v. Baca*, No. CV04-08448 DDP, 2014 WL 2805209, at *1 n.8 (C.D. Cal.

13  June 20, 2014) (prior to the court's appointment, "even a named executor's power

14  is limited to measures necessary to maintain and preserve the estate"). The statute

15  does not state that the executor is appointed via the will or that he can bring actions

16  on behalf of the estate.

17      On the contrary, Section 8400(a) of the California Probate Code—which

18  Plaintiff conspicuously ignores—governs here and clearly states that "[a] person

19  has no power to administer the estate until the person is appointed personal

20  representative and the appointment becomes effective. Appointment of a personal

21  representative becomes effective when the person appointed is issued letters." Cal.

22  Prob. Code § 8004(b). Only "the personal representative of a probate estate [] may

23  '[c]ommence and maintain actions and proceedings for the benefit of the estate.'"

24  *In re Shelton*, No. SA CV 18-1171-MWF, 2019 WL 11717118, at *4 (C.D. Cal.

25  Jan. 31, 2019) (citing *Smith v. Cimmet*, 199 Cal. App. 4th 1381, 1391 (2011)

26  (quoting Cal. Prob. Code § 9820(a))). "This is true 'whether or not the person is

27  named executor in the decedent's will.'" *Id*. (citing Cal. Prob. Code § 8400(b)).

28

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD

1  Plainly stated, it is not sufficient that Frank is named as executor in the Will for him
2  to have standing to bring this action.  He must be appointed, and he concedes in the
3  FAC that he has not yet been appointed.  *See* FAC ¶ 1.  Hence, even if the FAC had
4  alleged that the Will nominated Frank as the executor—and it did not—Plaintiff
5  would still not have standing because he does not have power to administer the
6  estate until appointed as an executor by the court.  Plaintiff concedes in his
7  Opposition brief that no court has yet appointed him executor of the estate.  *See*
8  Opp'n at 11:17-18.

9      Plaintiff does not have standing to bring a claim under Section 2704(b)
10  because he is not the executor under the statute.  The Opposition fails to contest this
11  deficiency and instead attempts to amend the FAC with new allegations.  This is
12  improper, and the Court should dismiss Plaintiff's claim for lack of standing.

13      **B.    The Court Should Dismiss Plaintiff's Claim Without Invoking**
          **FRCP 17(a)(3) or 15(c) Because Plaintiff Made No Mistake and**
14        **Had No Difficulty in Determining the Identity of the Proper Party**

15      Plaintiff's reliance on Fed. R. Civ. P. 17(a)(3) and 15(c) is misplaced.  Rules
16  17(a)(3) and 15(c) are inapplicable here and do nothing to prevent dismissal for
17  lack of standing.  Courts dismiss complaints where a plaintiff does not have
18  standing.  *See e.g., Reeder v. Wagner*, No. CIV.A. 06C-09-025RRC, 2006
19  WL 3501664, at *2 (Del. Super. Ct. Dec. 4, 2006) (dismissing complaint where
20  statute did not give plaintiff standing); *Weingarten v. Monster Worldwide, Inc.*,
21  No. CV 12931-VCG, 2017 WL 752179, at *1 (Del. Ch. Feb. 27, 2017) (dismissing
22  complaint where the court found the plaintiff did not meet the "prerequisite to
23  standing to bring suit under the [s]tatute").  For the reasons discussed above,
24  Plaintiff has no standing to bring a Section 2704(b) claim.  The Court should
25  therefore dismiss the claim with prejudice.

26      Further, Rule 17(a)(3) does not excuse Plaintiff's lack of standing or provide
27  a basis for not dismissing Plaintiff's claim for lack of standing.  And while there is
28

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD

no occasion for addressing now whether a hypothetical estate's claim would relate back under Rule 17(a)(3), it is worth noting that Rule 17(a)(3) is inapplicable here because Plaintiff made no mistake about, and had no difficulty identifying, the proper plaintiff.  Rule 17(a)(3) "allow[s] for the real party in interest to ratify, join, or be substituted into the action," and for the "action [to] proceed[] as if it had been originally commenced by the real party in interest."  Fed R. Civ. P. 17(a)(3).  The Ninth Circuit has explained that "[t]he purpose of this portion of Rule 17(a) is to prevent forfeiture of an action when *determination of the right party to sue is difficult* or when an *understandable mistake* has been made."  *U.S. for Use and Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989) (emphasis added).  In other words, "[t]he purpose of [Rule 17(a)(3)] is "to prevent forfeiture of a claim when an *honest mistake* was made."  *Goodman v. U.S.*, 298 F.3d 1048, 1054 (9th Cir. 2002) (emphasis added).

No "honest mistake" was made here.  The issue here is not whether Plaintiff could determine which party to sue.  The issue here is Plaintiff was not the right party to bring suit, as the FAC concedes, although he is hoping to later amend his complaint to add the right party.  Plaintiff claims "it was arguably difficult to determine which party should sue, given that no personal representative had yet been appointed."  Opp'n at 16:5-6.  This claim is specious.  The FAC pleads that Plaintiff knew exactly who the proper plaintiff was here: It alleges that Plaintiff was in the process of opening the Estate and seeking to have himself designated as executor, "after which this [FAC] will be amended to add the Estate as a Plaintiff in this matter."  FAC ¶ 1.

The Ninth Circuit's decision in *U.S. for Use and Benefit of Wulff v. CMA, Inc.* is illustrative.  890 F.2d at 1074-75.  In *Wulff*, the court found that Rule 17(a)(3) did not apply because "[t]he Wulffs' persistent efforts to obtain an assignment from B & K of this claim . . . show that the Wulffs were aware that B &

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD

K was the real party in interest. Thus, there was no difficulty and no mistake in determining who was the proper party to bring suit." *Id*. at 1074-75. The Ninth Circuit in *Wulff* went on to explain that Rule 17(a)(3) did not apply to a situation where a party with no cause of action filed a lawsuit to toll the statute of limitations in the event he or she may later become the proper party. *See id.* at 1075. In other words, Rule 17(a)(3) does not apply when a plaintiff strategically files a complaint knowing he or she does not have standing but plans to amend to add the proper party later—it only applies where there has been an "honest mistake." *Id.* As one court put it, Rule 17(a)(3) is "not a provision to be distorted by parties to circumvent the limitations period." *Id.*; *see also Brown v. Wolfgang Puck Worldwide, Inc.*, No. 2:20-cv-10977, 2021 WL 4699214, at *2 (C.D. Cal. Aug. 5, 2021) (examining whether the plaintiff "made a strategic decision" or "acted in bad faith") (citations removed). As in *Wulff*, Plaintiff's efforts to open the Estate and have himself designated as executor from the beginning of this action show that there was no difficulty and no mistake in determining the proper party to bring suit. *See Wulff*, 890 F.2d at 1074-75. Plaintiff was aware from the beginning that the only proper party to bring this suit under Section 2704(b) is the executor of the estate.[4] Plaintiff knew from the outset of this action who the proper plaintiff was; he simply chose to initiate the action with the improper plaintiff.[5] Accordingly, Rule 17(a) does not apply here.

Rule 15(a)(2) likewise is inapplicable. Plaintiff did not move for leave to

---

[4] Plaintiff's Counsel has filed multiple lawsuits under Section 2704(b) and is therefore well-versed in determining the proper plaintiff under the Statute. *See e.g.*, *Est. of Daher v. LSH Co.*, CV 21-03239, 2021 WL 6809407 (C.D. Cal. Dec. 15, 2021); *Est. of Malkin v. Wells Fargo Bank, Nat'l Ass'n*, 379 F. Supp. 3d 1263 (S.D. Fla. 2019).

[5] Moreover, Plaintiff's assertion that "no personal representative had yet been appointed" undermines his new argument in the Opposition brief that he was already named as the executor in the Will. Opp'n at 16:5-6; *see* Opp'n at 14:8-9 ("Plaintiff is, and at the time of bringing suit, was Mr. Frank's executor."). Plaintiff cannot plausibly assert both that he was the executor while also pleading that there was no personal representative.

WELLS FARGO BANK, N.A.'S REPLY ISO MOTION TO DISMISS 2:21-CV-09916-AB-PD

1    amend his complaint because he acknowledges that the Estate does not exist yet,

2    meaning he still has no claim.  Although Wells Fargo acknowledges that the Court

3    should grant leave to amend with "extreme liberality," *Eminence Capital, LLC v.*

4    *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), this has nothing to do with the

5    applicability of Rule 15(a)(2).  Rule 15(a)(2) does not apply here.  Rule 15(a)(2)

6    states that an amendment that changes a party relates back when there is "a mistake

7    concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  The Rule

8    does not apply when the failure to name the proper party "was the result of a fully

9    informed decision as opposed to a mistake."  *Krupski v. Costa Crociere S. p. A.*,

10   560 U.S. 538, 552 (2010).  The Supreme Court stated that "making a deliberate

11   choice . . . while fully understanding the factual and legal differences between the

12   two parties is the antithesis of making a mistake concerning the proper party's

13   identity."  *Id*. at 549.  Plaintiff does not allege he made a mistake, because he

14   didn't.  He rushed to sue without standing.  That is a far cry from an honest

15   mistake.

16          The Court should dismiss Plaintiff's claim because Plaintiff does not have

17   standing.  Rules 17(a)(3) or 15(c) do not alter this conclusion.

18   **III.    THE FAC FAILS TO ALLEGE A PLAUSIBLE CLAIM THAT**

19          **WELLS FARGO RECEIVED THE BENEFITS**

20          Plaintiff also fails to state a claim under Section 2704(b) because the FAC

21   does not allege facts that create a plausible claim that Wells Fargo received the

22   death benefit under the Policy.  Under Section 2704(b), an estate may recover the

23   benefit from "the beneficiary, assignee, or other payee" who "receives" the benefit.

24   18 Del. C. § 2704(b).  The FAC does not allege that Wells Fargo is the beneficiary,

25   assignee, or payee, but only that Wells Fargo was solely a "Securities Intermediary"

26   for some unidentified entitlement holder "and/or Trustee" for some unidentified

27   trust.  FAC ¶ 6.

28

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD

1    Plaintiff misconstrues Wells Fargo's argument as an argument that a

2    "ministerial role" per se immunizes it from Section 2704(b) liability.  Opp'n at 20

3    (citing *Est. of Malkin v. Wells Fargo Bank, Nat'l Ass'n*, 379 F. Supp. 3d 1263, 1279

4    (S.D. Fla. 2019)) ("*Malkin II*").  This is incorrect.  Rather, Wells Fargo argues that

5    Plaintiff has not adequately pled that Wells Fargo was a beneficiary, assignee or

6    other payee of the life insurance policy proceeds, as required under Section

7    2704(b).  Plaintiff cites *Malkin II*, but *Malkin II* has no bearing here.  In *Malkin II*,

8    the plaintiff, represented by the same counsel here, ***specifically alleged (unlike***

9    ***Plaintiff here) that Wells Fargo received the policy's death benefit***: "[A] check . .

10   . was issued and payable to Wells Fargo . . . as payment of the Policy's death

11   benefit."  First Amended Complaint ¶ 100, *Est. of Malkin v. Wells Fargo Bank,*

12   *Nat'l Ass'n*, 379 F. Supp. 3d 1263 (2019) (No. 1:17-cv-23136-BB), ECF No. 88;

13   *see also id*. ¶ 101.  Plaintiff makes no such allegations here nor can he.  The FAC

14   alleges only, implausibly, that five Defendants, collectively, received a single death

15   benefit.  FAC ¶¶ 37, 50.  This does not sufficiently plead that Wells Fargo itself

16   received the benefit.[6]

17        Further, Plaintiff alleges for the first time in the Opposition that Wells Fargo

18   acted as an agent.  Once again, Plaintiff attempts to amend, impermissibly, the FAC

19   through his Opposition brief.  *See Abe,* 2022 WL 159728, at *5.  Plaintiff did not

20   allege that Wells Fargo was an agent in the FAC and cannot plead that for the first

21   time here.  Moreover, even if Plaintiff had pled that Wells Fargo was an agent in

22

23   _____

   [6] Plaintiff states that "Wells Fargo does not deny that it acted as the securities
   intermediary for the Policy or that it received the death benefit."  Opp'n at 20

24   n.6.  To the extent that Plaintiff is suggesting that Wells Fargo's silence is
   acquiescence, Plaintiff is wrong.  Wells Fargo stated in the Motion to Dismiss

25   that it disputes many allegations in the FAC but "accept[s] as true all well
   pleaded facts in the complaint" solely for purposes of this Motion to Dismiss.

26   Mot. to Dismiss at 2 n.1 (citing *Landers v. Quality Commc'ns, Inc.*, 771 F.3d
   638, 640 (9th Cir. 2014)).  However, for the avoidance of doubt, Wells Fargo

27   did not act as the securities intermediary for the Policy.

28

WELLS FARGO BANK, N.A.'S REPLY ISO
                                              MOTION TO DISMISS
                                              2:21-CV-09916-AB-PD

1   the FAC—he did not—Plaintiff's argument that an agent can be held liable under

2   Section 2704(b) fails.  As discussed above, Section 2704(b) states that an estate

3   may recover only from "the beneficiary, assignee, or other payee." 18 Del. C. §

4   2704(b).  The statute does not say that agents can be liable.  It refers only to the

5   beneficiary, assignee, or payee of the policy proceeds.  Section 2704(b) is focused on

6   "recover[ing] [the] benefits."  18 Del. C. § 2704(b).  Holding third parties such as

7   agents liable for benefits paid to someone else would expand its reach beyond its

8   terms.

9      Lastly, Plaintiff contends that the group pleading in the FAC is appropriate

10   because "it is clear from context exactly what Wells Fargo is alleged to have done."

11   Opp'n at 22:19.  Yet it is far from clear what Wells Fargo is alleged to have done.

12   A claim is subject to dismissal when it does not contain "enough facts to state a

13   claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

14   544, 570 (2007).  A group pleading may meet this standard where the defendants

15   are "similarly situated."  *In re Am. Apparel, Inc. S'holder Derivative Litig.*, No. CV

16   10-06576 MMM RCX, 2012 WL 9506072, at *41 (C.D. Cal. July 31, 2012).

17   Unlike the other defendants, the FAC alleges that Wells Fargo was being sued only

18   in its capacity as "Securities Intermediary and/or Trustee."  FAC ¶¶ 6, 33.  Wells

19   Fargo is not "similarly situated" with the other Defendants, and a group pleading

20   that alleges that all five Defendants, including Wells Fargo, took the same exact

21   action and received the exact same death benefit is implausible on its face.  Despite

22   Plaintiff's persistence that the allegations against Wells Fargo in the FAC were

23   "clear from context," Plaintiff's Opposition is replete with new allegations in a frail

24   attempt to amend the FAC.  For example, for the first time in the Opposition,

25   without any citations to the FAC, Plaintiff alleges that "[o]f the five defendants,

26   four are STOLI investors, and the fifth—Wells Fargo—is the entity that acted as

27   their agent . . . . Wells Fargo itself received the death benefit . . ."  Opp'n at 22:19-

28

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD

24.  These allegations appear nowhere in the FAC, and Plaintiff cannot amend the FAC in the Opposition.  *See Moreno*, 2020 WL 10575507, at *5.  The FAC's group pleading is inappropriate because the group-pled facts do not support a plausible claim.  Plaintiff cannot make up new facts now to try to cure the FAC's deficiency.

## IV.    CONCLUSION

For all the foregoing reasons, defendant Wells Fargo respectfully requests that the Court dismiss, with prejudice, the FAC for failure to state a claim upon which relief can be granted and grant such other and further relief as the Court deems just and proper under the circumstances.

Dated:  February 25, 2022

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

   /s/ Khai LeQuang
Khai LeQuang (SBN 202922)
klequang@orrick.com
Aaron M. Rubin (SBN 320880)
amrubin@orrick.com
Janista Lee (SBN 335278)
janista.lee@orrick.com
2050 Main Street, Suite 1100
Irvine, California 92614
Phone: (949) 567-6700
Fax:    (949) 567-6710

*Attorneys for Defendant Wells Fargo Bank, National Association*

WELLS FARGO BANK, N.A.'S REPLY ISO
MOTION TO DISMISS
2:21-CV-09916-AB-PD