Matthew E. Lewitz (CA Bar No. 325379)
mlewitz@cozen.com
COZEN O'CONNOR
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Telephone: 310.393.4000
Facsimile: 310.394.4700

Gregory J. Star, *Admitted Pro Hac Vice*
Isaac A. Binkovitz, *Admitted Pro Hac Vice*
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215.665.2000
Facsimile: 215.665.2013

Attorneys for Plaintiff
HARLEY FRANK

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY FRANK, <br><br> Plaintiff, <br><br> vs. <br><br> LIFE ASSETS TRUST S.A.; PORTIGON A.G., NEW YORK BRANCH f/k/a WESTLB AG, NEW YORK BRANCH; VIDA CAPITAL, INC.; LIFE PARTNERS HOLDINGS, INC.; WELLS FARGO BANK, N.A., and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 2:21-cv-09916-TJH-PD <br><br> **REPORT OF 26(F) CONFERENCE** <br><br> **Action Filed: December 23, 2021** <br> **FAC Filed: January 24, 2022** |

Pursuant to Federal Rule of Civil Procedure 26(f), plaintiff Harley Frank, by counsel, submits this Report in accordance with Rule 26(f)(2)-(3), the Rule 26(f)

conference having been held on March 28, 2022 pursuant to Judge Birotte's February 8, 2022 Scheduling Order that—at that time—required the parties to hold the 26(f) conference by no later than April 1, 2022.[1] Dkt. 46. Although this matter was subsequently reassigned on April 1, 2022 and Judge Birotte's Scheduling Order was vacated, the 26(f) Conference had, in fact already been held as of that date. Pursuant to Fed. R. Civ. P. 26(f)(2), the parties are due to submit a report of the 26(f) conference within 14 days after the conference is held. As a result, Plaintiff now submits this Report of the 26(f) Conference.

**1.    Estimated valuation of the case:**

Plaintiff seeks to recover judgment in the amount of $5 million, representing the amount of the death benefit of the life insurance policy (the "Policy") at issue in this action.

**2.    Date for the exchange of initial disclosures pursuant to Rule 26(a)(1):**

Plaintiff and Wells Fargo exchanged initial disclosures on April 11, 2022. Vida has neither served initial disclosures nor agreed to provide them.

**3.    Subjects on which discovery may be needed:**

Plaintiff intends to seek discovery on the following topics:

a)    validity or invalidity of the Policy;

b)    whether the Policy was originated by strangers to the insured;

c)    presence or lack of an insurable interest in connection with the Policy;

d)    identity of the true persons or entities that procured the Policy;

e)    the identity of anyone that paid, loaned, advanced, or reimbursed any amount of premium in connection with the Policy;

---

[1] Plaintiff and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") attended and participated in the 26(f) conference. Defendant Vida Capital Inc. ("Vida") objected to the conference and did not attend or participate, citing the motions to dismiss that have been filed in this action and its position that discovery should not proceed at this time. The other defendants named in this action have not yet appeared or identified counsel in this action. Although Wells Fargo attended and participated in the Rule 26(f) conference that was held on March 28, 2022, its counsel has indicated that Wells Fargo does not believe that the parties are required to file a report at this time and that Wells Fargo will not join in the filing of a Rule 26(f) report at this time.

| | | |
|---|---|---|
| | f) | the source of funds used to make premium payments for the Policy; |
| | g) | the terms of any purported loan made in connection with the Policy; |
| | h) | the facts and circumstances surrounding the application for the Policy, the issuance of the Policy, the delivery of the Policy, and the acceptance of the Policy; |
| | i) | the facts and circumstances surrounding the establishment of the trust to which the Policy was issued (the "Trust"); |
| | j) | the identity of anyone who holds or ever held any ownership or beneficial interest in the Policy or in the Trust; |
| | k) | communications involving one or more Coventry entity regarding or involving the Policy, the Trust, Norman Frank ("Mr. Frank"), or members of Mr. Frank's family; |
| | l) | communications with Mr. Frank and members of his family by defendants, and those on whose behalf or in concert with which they worked; |
| | m) | the submission of the claim for the Policy's death benefit proceeds; |
| | n) | the distribution of the Policy's death benefit proceeds; |
| | o) | the identity of anyone in possession of, or holding a legal interest in, the Policy's death benefit proceeds; and |
| | p) | contacts of defendants, and those on whose behalf or in concert with which it worked with this forum. |

Plaintiff expressly reserves the right to seek discovery on additional topics that may become relevant to a claim or defense in this action.

**4.     Agreed limitations on discovery:**

Plaintiff proposes that discovery be conducted in accordance with the Rules of Civil Procedure and Local Rules without agreeing to additional limitations.

**5.     Document discovery needed:**

Plaintiff anticipates that party and non-party document discovery will be needed on the following topics:

| | | |
|---|---|---|
| | a) | documents relating to any purported loan in connection with the Policy; |
| | b) | documents relating to the payment of premium for the Policy; |
| | c) | documents sufficient to identify anyone that loaned, advanced, or reimbursed premium payments for the Policy; |

d) documents sufficient to identify the source of funds to pay premium for the Policy;

e) documents relating to any sale of any interest in the Policy or the Trust, including any such sale that was ever solicited, anticipated, considered, rejected, or completed;

f) documents relating to all changes to the owner or beneficiary of the Policy or to the trust to which the Policy was issued;

g) documents relating to any collateral assignment with respect to the Policy or the Trust;

h) documents reflecting communications with or involving the writing insurance agent regarding the Policy or the Trust;

i) documents relating to the establishment and funding of the Trust;

j) documents relating to the application for the Policy, the issuance of the Policy, the delivery of the Policy, and the acceptance of the Policy;

k) documents reflecting communications with Mr. Frank and members of his family by defendants, and those on whose behalf or in concert with which they worked;

l) documents evidencing contacts of defendants, and those on whose behalf or in concert with which they worked with this forum;

m) documents relating to any efforts to estimate Mr. Frank's life expectancy;

n) documents relating to obtaining Mr. Frank's death certificate;

o) documents relating to the preparation and submission of the claim for the Policy's death benefit proceeds; and

p) documents relating to the payment of the Policy's death benefit, and the distribution of the proceeds thereof.

Plaintiff expressly reserves the right to seek discovery on additional topics that may become relevant to a claim or defense in this action.

**6.  Anticipated non-party sources of document discovery**:

Plaintiff anticipates that the following individuals or entities may be sources of non-party document discovery in this action:

a) Wilmington Trust Company;

b) LaSalle Bank, N.A.;

c) Coventry Capital I, LLC;

    d)    Coventry Capital, LLC;

    e)    Coventry First, LLC;

    f)    Coventry Financial, LLC;

    g)    The Policy's producer, David Yellin; and

    h)    Others to be identified in discovery.

Plaintiff expressly reserves the right to seek document discovery from additional non-party sources in the course of discovery in this action.

**7.   Individuals to be deposed**:

Plaintiff anticipates that the following individuals or entities may be deposed in this action:

    a)    Vida;

    b)    Wells Fargo;

    c)    Life Assets Trust S.A.;

    d)    Portigon A.G., New York Branch f/k/a WestLB AG;

    e)    Any person or entity that owns or owned the Policy of that received (directly from the insurance carrier or otherwise) any portion of the Policy's death benefit proceeds;

    f)    The producer of the Policy, David Yellin; and

    g)    Others to be identified in discovery.

Plaintiff expressly reserves the right to seek the deposition testimony of others in the course of discovery in this action.

**8.   Whether discovery should be conducted in phases:**

Plaintiff does not propose that discovery be conducted in phases.

**9.   Electronically stored information:**

Plaintiff intends to seek discovery of relevant electronically stored information, and agrees to confer with Defendants on the form of an acceptable ESI format and metadata protocol.

Plaintiff proposes that the parties agree to preserve potentially relevant discovery material, and agree to work together to limit the expense of any electronic discovery in this action.

**10.    Claims of privilege with respect to inadvertently disclosed material:**

Plaintiff proposes that the parties agree to the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B).

**11.    Changes to limitations on discovery set under the Federal Rules of Civil Procedure or Local Rules:**

Plaintiff does not propose any modifications to the limitations on discovery set out in the Federal Rules of Civil Procedure or Local Rules.

**12.    Mediation or settlement prospects:**

Plaintiff does not believe settlement is likely at this time.  Plaintiff believes that mediation might be productive after discovery is closed and dispositive motions have been filed.

**13.    Discovery and pre-trial schedule**

Plaintiff intends to confer with Defendants to propose a schedule in accordance with any direction from the Court once the Rule 16 scheduling conference is re-set in this action.

Respectfully submitted,

Dated: April 12, 2022        COZEN O'CONNOR

By:   /s/ Matthew E. Lewitz
        Matthew E. Lewitz
        Attorneys for Plaintiff
        HARLEY FRANK